**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WAYNE A. HAGENDORF, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:21-cv-00231-GMN-BNW |
| vs. ) | |
| ) | **ORDER** |
| NATIONSTAR MORTGAGE, LLC, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is Defendant Nationstar Mortgage, LLC's ("Defendant's") Motion to Dismiss, (ECF No. 8). Plaintiff Wayne A. Hagendorf ("Plaintiff") filed a Response, (ECF No. 17), to which Defendant filed a Reply, (ECF No. 18).

For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.    BACKGROUND**

This case arises from Defendant's alleged failure to timely and properly respond to Plaintiff's notice of error and requests for information, stemming from the misapplication of mortgage payments. Defendant provides a detailed review of the background information and procedural history of this case in its briefing for the instant Motion. (*See* Mot. Dismiss ("MTD") 2:5–6:16, ECF No. 8). On April 26, 2021, Defendant filed the instant Motion. (*See generally* MTD).

**II.    LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions

couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in

the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

Plaintiff raises three causes of action: (1) Failure to timely and properly respond to a Notice of Error ("NOE"), in violation of 12 C.F.R. § 1024.35(e) and 12 U.S.C. §§ 2605(e) & (k); (2) Failure to timely and properly respond to Requests for Information ("RFI"), in violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. §§ 2605(e) & (k); and (3) violations of the Fair Debt Collection Practices Act ("FDCPA").[1] (Compl. ¶¶ 61–114, ECF No. 1).  Defendant raises several arguments in seeking to dismiss all of Plaintiff's claims: (1) claim preclusion; (2) time-barred by statute of limitations; (3) Defendant is not a debt collector under the FDCPA;[2] (4) Defendant timely and properly responded to Plaintiff's NOE and RFIs; and (5) Plaintiff cannot prove damages.[3] (MTD 7:9–18:19).  The Court will begin by discussing claim preclusion.

---

[1] The FDCPA imposes a one-year statute of limitations to bring a complaint for violations of the Act. 15 U.S.C. § 1692k(d); *see Galicia v. PlusFour, Inc.*, No. 2:17-cv-02495-JCM-CWH, 2018 WL 3543039, at *4 (D. Nev. July 23, 2018).  Here, Plaintiff alleges that beginning in April of 2012, Defendant violated the FDCPA by committing "errors in the servicing of his Loan . . . ." (*See* Compl. ¶¶ 37, 44, 56–57).  Plaintiff, however, did not file the instant action until February 12, 2021. (*See generally id.*).  Thus, Plaintiff's third claim is time-barred, and the Court dismisses it. *See Galicia*, 2018 WL 3543039, at *4.  The Court is otherwise unpersuaded that Plaintiff's first and second claims are time-barred.  Those claims arise under RESPA, which sets a three-year statute of limitations for violations of § 2605. 12 U.S.C. § 2614.  In his first and second claims, Plaintiff alleges Defendant violated RESPA by failing to timely and properly respond to his NOE and RFIs. (Compl. ¶¶ 61–108).  These alleged violations occurred in December of 2020. (*Id.* ¶¶ 43, 51, 94–100).  Because Plaintiff filed the instant action on February 12, 2021, Plaintiff's first and second claims are timely only as they related to Defendant's alleged failure to respond to the NOE and RFIs.

[2] As Plaintiff's third cause of action is time-barred, the Court need not address this argument.

[3] Defendant also requests that the Court "take judicial notice of the publicly available documents related to the loan, escrow account, prior suits, and bankruptcy." (MTD 6:18–19).  Courts may take judicial notice of facts if they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (quoting Fed. R. Evid. 201).  Plaintiff does not oppose Defendant's request. (*See generally* Resp. MTD).  The Court finds the documents related to the loan, escrow account, prior suits, and bankruptcy derive "from sources whose accuracy cannot reasonably be questioned."  As a result, the Court takes judicial notice of the facts and public documents Defendant refers to in its Motion.

### a. <u>Claim Preclusion</u>

Defendant argues Plaintiff is precluded from bringing this action because either his claims are similar to the claims raised in a previous suit Plaintiff filed in state court in 2010 or they could have been raised in the 2010 suit. (*See* MTD 3:17–20, 7:11–16). Plaintiff responds that he raises claims different from those in the 2010 suit; he argues his causes of action arise from Defendant's alleged failure to timely or properly respond to his NOE and RFIs. (Resp. MTD 2:26–28, 5:4–20). The Court, however, is unpersuaded by Plaintiff's position.

Claim preclusion under the doctrine of *res judicata* applies when "a final judgment on the merits bars further claims by the same parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979); *accord Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). It prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. *Western Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). To determine whether a state court decision precludes a party from litigating a claim or issue in federal court, the federal court must apply the *res judicata* rules of the state court wherein the prior judgment was rendered. *See Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005); *Pedrina v. Chun*, 906 F. Supp. 1377, 1399 (D. Haw. 1995), *aff'd* 97 F.3d 1296 (9th Cir. 1996).

In Nevada, a claim is precluded by *res judicata* when three elements are met: (1) the parties or their privies are the same as in a prior suit (2) in which a valid final judgment was rendered, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 194 P.3d 709, 713 (Nev. 2008).

Here, Defendant meets all elements of claim preclusion. First, the parties or their privies are the same as in the 2010 suit. In the 2010 suit, Plaintiff filed the action against Metlife Bank

National Association, who is in privity with Defendant as Metlife's assignee. (*See* Compl. ¶ 6); 2010 Suit Am. Compl., Ex. B to MTD, ECF No. 8-2); (Nev. Assign. Deed Trust, Ex. F to MTD, ECF No. 8-6); *In re Dominelli*, 820 F.2d 313, 317 (9th Cir. 1987) ("For purposes of *res judicata*, privity exists where two parties represent the interests of the same entity."); *Janeece Fields v. Bank of N.Y. Mellon*, 2017 WL 1549464, at *3 (N.D. Cal, May 1, 2017) (concluding that a successor servicer and a trustee were in privity with a lender who was a party in a previous action). Second, a final judgment was rendered when a jury found for MetLife in the 2010 suit. The Nevada Supreme Court affirmed the jury's verdict and later denied rehearing. *Hagendorf v. MetLife Home Loans*, 131 Nev. 1287 (2015).

Third, this action is based on the same claim or includes claims that could have been brought in the 2010 suit. In the 2010 suit, Plaintiff filed a complaint against Metlife for defamation, breach of contract, and breach of the covenant of good faith and fair dealing, and injunctive relief. (2010 Suit Am. Compl. ¶¶ 55–76, Ex. B to MTD). In Plaintiff's state court amended complaint, he raises claims stemming from Metlife's foreclosure of Plaintiff's home, originating from Plaintiff's inability to pay his mortgage. (*See id.* ¶¶ 7–54, Ex. B to MTD). Specifically, he alleged that between April and October of 2010, he purposefully paid less than the total amount of his monthly mortgage payments after Metlife refused to cancel his escrow account associated with his home loan. (*See id.* ¶¶ 7–14, 19, 24, 31, 36, 38, 40, 45 Ex. B to MTD). He also alleged that Metlife did not credit his account with his April 2010 payment but did credit it with his other partial payments. (*Id.* ¶¶ 19–20, 24–25, 31–32, 36–37, 40–41, Ex. B to MTD). The case went to trial in 2013, and the jury returned a verdict in favor of Metlife on all claims. (*See generally* Verdict Form, Ex. C to MTD, ECF No. 8-3).

Later, in 2016, Plaintiff filed another complaint in state court against the instant Defendant for defamation, breach of contract, breach of the covenant of good faith and fair dealing, injunctive relief, violation of NRS 100.091, civil conspiracy, fraud, and punitive

damages. (*See* 2016 Suit Compl. ¶¶ 50–154, Ex. G to MTD, ECF No. 8-7).  In the 2016 suit, Plaintiff made exceedingly similar allegations and claims as he did in the 2010 suit, alleging that he purposefully paid less than the total amount of his monthly mortgage payments after Metlife refused to cancel his escrow account associated with his home loan. (*See id.* ¶¶ 9–49, Ex. G to MTD).  The state court dismissed his complaint based on issue and claim preclusion and the Nevada Court of Appeals affirmed. (*See generally* 2016 St. Ct. Order, Ex. H to MTD, ECF No. 8-8); (Nev. Ct. App. Order Affirm., Ex. J to MTD, ECF No. 8-10).

Turning to the Complaint in the instant case, this action arises from the same set of facts and circumstances as the 2010 suit: Plaintiff's desire to circumvent his escrow account and pay his property taxes and home insurance payments directly.  On its face, Plaintiff's Complaint in the instant action concerns Defendant's alleged failure to timely or properly respond to an NOE and RFIs, but the misapplication of payments on Plaintiff's mortgages relates back to the claims in the 2010 suit.  In fact, Plaintiff concedes that his first and third causes of action relate to the claims he made in the past. (*See* Resp. MTD 5:4–5) ("Regarding Count One and Count Three, [Plaintiff's] claims in this case also involve the misapplication of payments that were made on his mortgage.").  As to Plaintiff's second cause of action, Defendant correctly notes that he could have requested information related to the loan during the 2010 suit.  Accordingly, the Court grants Defendant's Motion to Dismiss.[4]  Further, the Court dismisses Plaintiff's Complaint without leave to amend because amendment would be futile. *See Diamond S.J. Enter., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1242 (N.D. Cal. 2019) ("It would be futile to amend the SAC when the Court has determined that claim preclusion bars Plaintiff's claims here . . . .").

///

---

[4] As the Court holds that Plaintiff's claims are precluded, the Court need not address Defendant's arguments regarding whether Defendant timely and properly responded to Plaintiff's NOE and RFIs or if Plaintiff can prove damages.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 8), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** without leave to amend.

**IT IS FURTHER ORDERED** that the Clerk is instructed to close the case and enter judgment accordingly.

**DATED** this __23__ day of January, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court